UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDINA K., <br><br>                        Plaintiff, <br><br>v. <br><br>ANDREW SAUL, Commissioner of Social Security, <br><br>                        Defendant. | Case No.:   3:21-cv-0472-AHG <br><br> **ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** <br><br> **[ECF No. 6]** |

### I.     BACKGROUND

On March 17, 2021, Plaintiff filed a Complaint seeking judicial review of the administrative decision denying her application for Social Security Benefits. ECF No. 1. Along with the Complaint, Plaintiff filed a Motion for Leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 6.[1]

### II.    LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether the applicant has properly shown an inability to pay the

---

[1] Plaintiff originally filed a Motion to Proceed IFP at ECF No. 2. She later withdrew that motion and refiled the IFP motion as ECF No. 6. *See* ECF No. 5.

$400 filing fee under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To that end, each applicant seeking to proceed IFP must provide the Court a signed affidavit including a statement of all the applicant's assets. CivLR 3.2(a). Second, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must evaluate whether the Complaint sufficiently states a claim upon which relief may be granted before the Complaint is served. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## III. DISCUSSION

### A. Motion to Proceed IFP

A person need not be destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). To meet the requirements of 28 U.S.C. § 1915(a), "[] an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" *Atkins*, 355 U.S. at 339 (internal quotations omitted). To establish poverty, the facts must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). District courts must exercise their discretion and evaluate a person's poverty based upon available facts. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) *rev'd on other grounds*, 17 506 U.S. 194 (1993).

Plaintiff's IFP Motion (ECF No. 6) contains a sworn statement consisting of her income and assets. According to her sworn statement, Plaintiff's income consists of $204.00 in public welfare per month. *Id.* at 1-2. Her assets include $10.00 in a checking account and a 1998 Toyota Avalon estimated to be worth $1,800. *Id.* at 2-3. Her monthly expenses average a total of $304.00. *Id.* at 5. Based on this information, the Court finds that Plaintiff has shown an inability to pay the $400 filing fee under § 1915(a).

### B. Screening under 28 U.S.C. § 1915(e)

Having reviewed Plaintiff's Complaint, the Court finds Plaintiff has sufficiently

stated a claim upon which relief may be granted. Specifically, Plaintiff appeals the Commissioner's denial of her benefits application pursuant to 42 U.S.C. § 405(g) on the grounds that: (1) the Administrative Law Judge ("ALJ") erred by using the wrong legal standard to evaluate Plaintiff's pain; (2) the ALJ erred by failing to incorporate Plaintiff's moderate limitation in concentration in the Residual Functional Capacity ("RFC") determination; (3) the ALJ erred by failing to reconcile how Plaintiff is limited to "simple and routine work that is unskilled in nature" while finding her capable of performing a job that requires a Reasoning Level of 3; and (4) the ALJ erred by failing to account for limitations resulting from Plaintiff's bilateral carpal tunnel syndrome in determining Plaintiff's RFC. *See* ECF No. 1 at 2. The Court finds these allegations sufficiently specific to state a claim for reversal or remand of the Commissioner's decision.

## IV. CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** the IFP Motion (ECF No. 6). In accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), the Court **DIRECTS** the Clerk to issue the summons and to send Plaintiff a blank United States Marshal Service ("USMS") Form 285 along with certified copies of this Order and her Complaint (ECF No. 1). Once Plaintiff receives this "IFP Package," the Court **ORDERS** her to complete the Form 285 and forward all documents in the package to the USMS. Upon receipt, the USMS will serve a copy of the Amended Complaint and summons on Defendant as directed by Plaintiff on the USMS Form 285. The United States will advance all costs of service.

**IT IS SO ORDERED.**

Dated: March 25, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge