UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDINA K.,<br><br>         Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 3:21-cv-00472-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d))**<br><br>**[ECF No. 22]** |

  Before the Court is the parties' Joint Stipulation for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)). ECF No. 22. For the reasons set forth below, the Court **GRANTS** the parties' joint motion.

**I. BACKGROUND**

  The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of her application for disability benefits at the agency level. ECF No. 1. After the Commissioner of Social Security ("Defendant") filed the administrative record in lieu of an answer, the Court issued a scheduling order. ECF No. 14. Among other requirements in the scheduling order, the Court directed the parties to engage in formal settlement discussions, and set a deadline of December 13, 2021 for the parties either to stipulate to a dismissal or remand of the case, or to file a Joint Status Report

notifying the Court that they were unable to resolve the matter in settlement discussions. *See id.* at 2.

Although the parties were unable to resolve the matter through settlement discussions by the time they filed their Joint Status Report in December 2021, *see* ECF No. 16, on April 18, 2022, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 19. The Court granted the joint motion, remanded the case to the Commissioner of Social Security for further administrative action, and entered a final judgment reversing the final decision of the Commissioner. ECF No. 20. A Clerk's Judgment was entered on April 19, 2022. ECF No. 21.

On June 24, 2022, the parties filed the instant motion. ECF No. 22. The parties jointly stipulate and request that Plaintiff receive an award of attorney fees and expenses in the amount of $6,500.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). *Id.* at 1. In support of the request, the parties have submitted a time sheet showing that Plaintiff's counsel Martha Yancey completed 31 hours of work on this case at $217.54 per hour (the EAJA rate for 2021), for a total billed fee amount of $6,743.74, although the total fee request has been discounted to $6,500.00. *See* ECF No. 22 at 1; ECF No. 22-1.

## II.     THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[1] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

---

[1] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

Here, the parties filed the motion for EAJA fees on June 24, 2022, 66 days after judgment was entered on April 19, 2022. The motion was filed 6 days after the 60-day period expired and falls within the 30-day filing period. Accordingly, the motion for attorney fees is timely.

### III.  DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these elements in turn.

#### A.  Prevailing party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Schaefer*, 509 U.S. at 302). Here, as discussed above, Plaintiff is the prevailing party because this case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."); *Ulugalu*, 2018 WL 2012330, at *2 (in a case where the parties jointly stipulated to remand, "because the Court granted the Commissioner's proposed order for remand and entered judgment in favor of Plaintiff pursuant to sentence-four, Plaintiff is a prevailing party"); *see* ECF No. 20 (remanding the case pursuant to sentence four of 42 U.S.C. § 405(g)).

#### B.  Substantial justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the parties have stipulated to the EAJA amount, and explain that the stipulation "constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees[.]" ECF No. 22 at 2. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature

of the request is sufficient to find the second element met, given that "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified."). Furthermore, "[b]ecause the Commissioner filed a voluntary stipulation for remand and the matter was referred to an Administrative Law Judge to make a new determination as to Plaintiff's disability, the Court is persuaded the Commissioner did not have substantial justification for denying Plaintiff disability rights." *Ulugalu*, 2018 WL 2012330, at *3.

### C. Reasonableness of Hours

The parties seek a fee award for 31 hours billed by Plaintiff's counsel. ECF No. 22-1. The Court finds the number of hours billed by Plaintiff's counsel to be reasonable. *See* 28 U.S.C. § 2412(d). The total number of hours billed is within the typical range seen in social security appeals. *See, e.g.*, *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18-40 hours). Therefore, the Court will not question counsel's judgment that the hours she expended were necessary to achieve the favorable result for the client in this case. *See Costa*, 690 F.3d at 1136 (reiterating the Ninth Circuit's previous position that "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)).

### D. Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon

prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Construing that statute, the Ninth Circuit has established that "the EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases[.]" *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005). Accordingly, the Ninth Circuit has set its own statutory maximum EAJA rates, factoring in annual increases in the cost of living. As noted above, the statutory maximum EAJA rate for work performed in 2021 in the Ninth Circuit was $217.54.  *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 12, 2022); *see also Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate of $217.54 per hour for work performed in 2021 and 2022.[2] ECF No. 22-1. As such, the Court finds that the hourly rate billed by counsel is reasonable.

### E.   Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Martha Yancey, pursuant to the assignment executed by Plaintiff." ECF No. 22 at 2; *see also* ECF No. 22-2 ¶¶ 3-4 (affidavit signed by Plaintiff stating in pertinent part, "I hereby assign any entitlement that I may have to a fee under the [EAJA] to my attorney, Martha Yancey" and "I assign any right or interest I may have in the award of an EAJA fee and understand that the EAJA award shall be paid to my attorney, Martha Yancey, to compensate counsel for the work performed on this case in the U.S. District Court.").

---

[2] The Ninth Circuit has not yet raised the 2021 rate for 2022.

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"); *cf. Hernandez v. Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

Here, Plaintiff assigned her right to EAJA fees to her attorney. ECF No. 22-2. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to Martha Yancey pursuant to Plaintiff's assignment.

**IV.   CONCLUSION**

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (ECF No. 22) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $6,500.00; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Martha Yancey.

**IT IS SO ORDERED.**

Dated: July 12, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge